Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 27 2014, 9:58 am

CLERK
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY P. BRODEN**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TY C. WILKERSON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 79A02-1307-CR-609 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1302-FC-8

**March 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Ty Wilkerson appeals his conviction and eight-year sentence for Class C felony battery resulting in serious bodily injury. We affirm.

## ISSUES

Wilkerson presents two issues: (1) whether the trial court abused its discretion by denying defense counsel's motion to withdraw his appearance, and (2) whether Wilkerson's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On February 7, 2013, Wilkerson and Aaron Miller were detained in the Tippecanoe County Jail. Miller was in the common dayroom waiting for lunch trays to arrive when Wilkerson walked up and said Miller's teeth looked like pea gravel. Miller responded by calling Wilkerson "Smeagol," a character from a movie they had just seen. They both laughed. Wilkerson then approached Miller as if he was going to hit him but walked off instead.

Miller talked with another inmate waiting for the lunch trays when he was suddenly "hit out of nowhere." Tr. p. 104. Wilkerson had punched him and left. The punch broke one of Miller's teeth and caused his cheek to bleed, so he went to his cell to clean off his face. As he was wiping blood from his face, Wilkerson entered his cell and struck him repeatedly in the face.

Miller was taken to a Lafayette hospital, where a CT scan showed several fractures in his face. He was transported to St. Vincent Hospital in Indianapolis, where he underwent surgery on his orbital bone that involved placing a titanium plate in his face.

On February 13, 2013, the State charged Wilkerson with Class C felony battery resulting in serious bodily injury. The same day, the trial court held an initial hearing and set the case for a jury trial on May 14, 2013. Wilkerson filed a pro se motion for an early trial on February 20, 2013, and defense counsel filed an appearance on February 26, 2013. The trial date was reaffirmed on March 15, 2013 and April 12, 2013, with Wilkerson specifically agreeing on April 12, 2013 to enlarge the speedy trial deadline to include May 14, 2013.

On April 30, 2013, the trial court ordered jurors to be summoned for Wilkerson's trial. The next day on May 1, 2013, defense counsel filed a motion to withdraw his appearance. The motion stated that: (1) Wilkerson had requested new counsel; (2) the relationship between Wilkerson and defense counsel had "deteriorated to the point that Counsel does not feel that he can effectively continue to represent" Wilkerson; (3) Wilkerson believed he could not rely on counsel's advice; and (4) Wilkerson was aware that the appointment of new counsel would effectively waive his speedy trial right. Appellant's App. p. 53.

The trial court held a hearing on the motion on May 2, 2013. At the hearing, defense counsel stated that the motion was based on events during a hearing the previous week on Wilkerson's motion to withdraw his guilty plea in a separate case. At that hearing, defense counsel explained, he and Wilkerson testified to differing recollections about what had occurred in that case. Thereafter, defense counsel continued, Wilkerson did not believe he could rely on counsel's advice. When the trial court asked for the State's position, the deputy prosecutor agreed that Wilkerson and his counsel had

3

provided conflicting testimony at the hearing on the other case but left the decision on the motion to withdraw appearance to the court's discretion. The court denied the motion.

Wilkerson's jury trial began twelve days later as scheduled. Miller testified that he continued to experience impaired vision, difficulty breathing through his nose, and pain in his face as a result of the attack. Wilkerson testified in his own defense, admitting he struck Miller once in the dayroom. However, he denied attacking Miller in his cell. Instead, he said he went to Miller's cell to check on him because Miller was yelling and screaming, and while he was there he saw Miller bang his own head against the sink.

The jury found Wilkerson guilty as charged. At Wilkerson's sentencing hearing, the trial court identified three aggravating circumstances: (1) his history of criminal or delinquent activity; (2) his recent violations of the conditions of probation and the rules of a detention facility; and (3) his lack of remorse. The court also identified three mitigating circumstances: (1) his emotional state at the time of the crime; (2) his mental health issues; and (3) his difficult childhood. Finding that the aggravators outweighed the mitigators, the trial court sentenced Wilkerson to eight years. Wilkerson now appeals.

DISCUSSION AND DECISION

I. DENIAL OF MOTION TO WITHDRAW APPEARANCE

Wilkerson first contends the trial court erred by denying defense counsel's motion to withdraw his appearance. An indigent defendant has the right to representation by counsel; however, he has no right to representation by court-appointed counsel of his choice. *Moore v. State*, 557 N.E.2d 665, 668 (Ind. 1990). Whether to allow counsel to withdraw is within a trial court's sound discretion. *Bronaugh v. State*, 942 N.E.2d 826,

4

829 (Ind. Ct. App. 2011), *trans. denied.* A trial court may refuse a motion to withdraw if it determines withdrawal will result in a delay in the administration of justice. *Moore*, 557 N.E.2d at 668. Further, a defendant must demonstrate that he was prejudiced before we may reverse on this issue. *Bronaugh*, 942 N.E.2d at 830.

Wilkerson's May 14, 2013 trial date was set on February 13, 2013 and reaffirmed on both March 15, 2013 and April 12, 2013. On April 30, 2013, the trial court ordered jurors to be summoned for trial. It was not until May 1, 2013, less than two weeks before trial, that defense counsel filed the motion to withdraw.

At a hearing on the motion the next day, the trial court acknowledged the conflicting testimony between Wilkerson and defense counsel at a hearing in a separate cause number just the week before but noted the subject of that hearing had been at issue since before Wilkerson had filed his speedy trial motion in this case. Tr. pp. 3-4. The court also noted that the May 14, 2013 trial date had been set for some time and that Wilkerson and defense counsel's disagreement in the separate cause did not rise to the level of the kind of conflict that would require last-minute scheduling changes in this case. *Id.* at 4, 6.

Under the circumstances here, the trial court was within its discretion in determining that defense counsel's withdrawal would delay the administration of justice. More significantly, Wilkerson fails to demonstrate that he was prejudiced by defense counsel's continued representation. Although the motion to withdraw stated Wilkerson did not believe he could rely on counsel's advice, he fails to point to anything counsel did or did not do while representing him in this case that resulted in prejudice.

5

We thus conclude the trial court did not abuse its discretion by denying defense counsel's motion to withdraw his appearance. *See Moore*, 557 N.E.2d at 668 (denial of motion to withdraw not abuse of discretion where motion arose within three weeks of trial and appellant did not demonstrate that continued representation prejudiced him); *Bronaugh*, 942 N.E.2d at 830 (denial of motion to withdraw not abuse of discretion where hearing on motion was one month before trial and appellant did not demonstrate that continued representation prejudiced him).

## II. INAPPROPRIATE SENTENCE

Wilkerson next contends his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.*

We first look to the statutory range established for the class of the offense. Wilkerson was convicted of a Class C felony. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). Wilkerson received the maximum sentence of eight years.

6

We next look to the nature of the offense and Wilkerson's character. As to the nature of the offense, Wilkerson attacked Miller while they were detained in the Tippecanoe County Jail. As the trial court noted, "An assault in the jail on a fellow detainee or fellow prisoner, as the case may be, is about as serious of an assault as you can think of because both parties are under --- both parties have limited ability to walk away from a fight . . . ." Tr. p. 220. Without warning, Wilkerson punched Miller in the dayroom, knocking out a tooth. He then followed Miller into his cell, where he struck him repeatedly in the face. Miller's injuries required him to be transported to an Indianapolis hospital, where a titanium plate was placed in his face.

As to his character, Wilkerson was twenty years old at the time of this offense, yet at that young age he already had a substantial record. As a juvenile, he was adjudicated a delinquent child for what would be petty theft/grand theft, trespass, and receiving stolen property if committed by an adult. As an adult, he has misdemeanor convictions for Class A false informing, Class B public intoxication, Class C illegal consumption of an alcoholic beverage, and Class C operating without ever receiving a license. He has felony convictions for Class A dealing in a narcotic drug and Class C burglary. Although his previous crimes have not involved violence, the current Class C felony battery resulting in serious bodily injury conviction shows an escalation in his criminal behavior.

Moreover, this crime was committed while Wilkerson was detained awaiting disposition of his Class A dealing case. That he would attack a fellow inmate while in jail awaiting the disposition of a major felony case demonstrates his poor character and his lack of respect for others and for the law.

7

In short, Wilkerson has failed to persuade us that his sentence is inappropriate.

## CONCLUSION

We therefore affirm his conviction and sentence.

RILEY, J., and MAY, J., concur.